UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kathryn Suzanne Chapman, | ) | Civil Action No. 6:12-2946-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Big Lots, Inc., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      Plaintiff Kathryn Suzanne Chapman ("Plaintiff") filed this action against Big Lots, Inc., ("Defendant") alleging claims against her former employer for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"). (ECF No. 1.) This matter is now before the court upon the Magistrate Judge's Report and Recommendation filed on August 20, 2013, recommending this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the grounds that Plaintiff failed to prosecute the case, and failed to comply with this court's orders. (ECF No. 33.) More specifically, Plaintiff failed to comply with this court's orders of March 12, 2013 (ECF No. 26), and April 24, 2013 (ECF No. 29) directing Plaintiff to respond to Defendant's motion to dismiss filed on March 11, 2013. (ECF No. 25.)

      In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with

instructions. 28 U.S.C. § 636(b)(1).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.  Plaintiff was advised of her right to file objections to the Report and Recommendation.  (ECF No. 33 at 3.)  However, she has not done so and objections were due on September 6, 2013.   In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper.  Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

s/Mary G. Lewis<br>United States District Judge

Spartanburg, South Carolina
September 23, 2013